# Third District Court of Appeal
## State of Florida

Opinion filed August 25, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-417
Lower Tribunal Nos. 13200003926FC, CS No. 2001504905
_____

**Lucas Perez**,
Appellant,

vs.

**State of Florida, Department of Revenue, Child Support Program, et al.**,
Appellees.

An Appeal from the State of Florida, Department of Revenue, Child Support Program.

Lucas Perez, in proper person.

Ashley Moody, Attorney General, and Toni C. Bernstein (Tallahassee), Senior Assistant Attorney General, for appellee Florida Department of Revenue.

Before EMAS, GORDO and BOKOR, JJ.

EMAS, J.

## ON PARTIAL CONFESSION OF ERROR

Lucas Perez appeals from a final administrative support order rendered by the State Department of Revenue, Child Support Program. The order established the length of retroactive child support (twenty-three months), calculated the total amount of retroactive child support ($6,032.58), and credited Perez for payments made during the retroactive period ($163.50). We conclude that the order, and the calculations and determinations contained in that order, are supported by the record, and that the commencement date for calculating retroactive support (December 1, 2018) was proper, because it was after the parties had separated and were no longer residing together with the child. See § 61.30(17), Fla. Stat. (2021) (providing: "In an initial determination of child support, whether in a paternity action, dissolution of marriage action, or petition for support during the marriage, the court has discretion to award child support retroactive to the date when the parents did not reside together in the same household with the child, not to exceed a period of 24 months preceding the filing of the petition, regardless of whether that date precedes the filing of the petition.")

However, and as the Department of Revenue properly and commendably concedes, the Title IV-D Standard Parenting Time Plan was not incorporated into the final support order as required, see § 409.2563,

2

Fla. Stat. (2021) (requiring the Department of Revenue to include a copy of the Title IV-D Standard Parenting Time Plan when serving the Notice of Proceeding to Establish Administrative Support Order), and further concedes that Perez may be entitled to a deviation from his current support obligation based upon the parenting plan. See § 61.30(11)(a)10, Fla. Stat. (2021) ("The court may adjust the total minimum child support award, or either or both parents' share of the total minimum child support award, based upon . . . the particular parenting plan, a court-ordered time-sharing schedule, or a time-sharing arrangement exercised by agreement of the parties, such as where the child spends a significant amount of time, but less than 20 percent of the overnights, with one parent, thereby reducing the financial expenditures incurred by the other parent; or the refusal of a parent to become involved in the activities of the child.")

We therefore reverse that portion of the order on appeal establishing Perez's current support obligation, and remand this cause to the lower tribunal for the specific purpose of incorporating the standard parenting time plan and to determine, in light of that parenting time plan, whether a deviation from the minimum child support award is appropriate. The order is, in all other respects, affirmed.

Affirmed in part, reversed in part, and remanded with directions.